IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MCG LIMITED PARTNERSHIP, *et al.*,[1]<br><br>                      Debtors. | Chapter 7<br><br>Case No. 12-13042 (CSS)<br><br>(Jointly Administered) |
| Alfred T. Giuliano, in his capacity as Chapter 7 Trustee for MCG LIMITED PARTNERSHIP, *et al.*,<br><br>                      Plaintiff,<br>v.<br><br><br>[See Exhibit A Attached to Proposed Order]<br><br>                  Defendants. | Adv. Pro. No.<br>[See Exhibit A Attached to Proposed Order]<br><br><br><br><br>**Hearing Date: September 24, 2013 @ 11:30 a.m.**<br>**Objection Deadline: September 17, 2014 @ 4:00 p.m.** |

### MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES GOVERNING ASSOCIATED ADVERSARY PROCEEDINGS BROUGHT PURSUANT TO 11 U.S.C. §§ 547 & 550

---

[1] The Debtors in these chapter 7 cases, along with the last four (4) digits of each Debtor's federal tax identification number, where applicable, are: MCG Limited Partnership f/k/a Monitor Company Group Limited Partnership, a Delaware limited partnership (2729); MCG Network LLC f/k/a Global Business Network LLC, a Delaware limited liability company (3768); MCG International Holdings LLC f/k/a Monitor Company Group International Holdings LLC, a Delaware limited liability company (0382); TMC Investors, LLC, a Delaware limited liability company (8206); MCG Intl., LLC f/k/a Monitor Company Intl., LLC, a Delaware limited liability company (8207); MCG Latin America, LLC f/k/a Monitor Company Latin America, LLC, a Delaware limited liability company (9512); MCG Services, LLC f/k/a Monitor Company Services, LLC, a Delaware limited liability company (3371); MCG Asia Pacific, LLC f/k/a Monitor Company Asia Pacific, LLC, a Delaware limited liability company (7839); MCG Foreign Government Services, LLC f/k/a Monitor Group Foreign Government Services, LLC, a Delaware limited liability company (2731); MCG Government Services, LLC f/k/a Monitor Group Government Services, LLC, a Delaware limited liability company (0337); MCG International, Inc. f/k/a Monitor International, Inc., a Massachusetts corporation (8656); MCG-MS, LLC f/k/a Marketspace, LLC, a Delaware limited liability company (3314); MAST Services LLC, a Delaware limited liability company (7605); MCG CIS LLC f/k/a Monitor Group CIS LLC, a Delaware limited liability company (2967); New Strategic Oxygen, LLC, a Delaware limited liability company (7645); MCG Mexico LLC f/k/a Monitor Group Mexico LLC, a Delaware limited liability company (6723); MCG Institute, LLC f/k/a Monitor Institute, LLC, a Delaware limited liability company (3861); MCG Customer LLC f/k/a Market2Customer LLC, a Delaware limited liability company (7402); MCG Federal Government Services LLC f/k/a Monitor Federal Government Services LLC, a Delaware limited liability company (7471); MDOB Inc. f/k/a Doblin Inc., an Illinois corporation (9817). The Debtors' mailing address is Two Canal Park, Cambridge, MA 02141.

Alfred T. Giuliano, in his capacity as the Chapter 7 Trustee (the "Trustee") for the above-captioned debtors (the "Debtors"), by and through his undersigned counsel, hereby moves (the "Motion") the United States Bankruptcy Court for the District of Delaware (the "Court"), pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rules 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order establishing procedures governing, among other things, litigating, mediating and settling the adversary proceedings filed in these Chapter 7 cases (the "Cases"). In support of this Motion, the Chapter 7 Trustee respectfully represents as follows:

## Jurisdiction and Basis for Relief

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B) (F) and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested in the Motion are sections 105(a), 105(d), 502, 547, and 550 of the Bankruptcy Code, Bankruptcy Rules 3003, 7004, 7012, 7016, 7026, 9006 and 9019 and Local Rules 7004, 7016, 7026, 9006 and 9019. The requested relief is also justified under and consistent with the *General Order Regarding Procedures in Adversary Proceedings* dated April 7, 2004, as amended on April 11, 2005 (the "General Order") and as modified herein.

## Background

4. On November 7, 2012 (the "Petition Date"), the Debtors filed their voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code.

5. By an order entered on November 9, 2012, the Debtors' bankruptcy cases were

consolidated for procedural purposes and thereafter were jointly administered [Docket No. 56].

6. On August 5, 2013, this Court entered an order converting these cases to cases under Chapter 7 of the Bankruptcy Code [Docket No. 762] (the "Conversion Order"). Consistent with the Conversion Order, on August 7, 2013, the Office of the United States Trustee appointed Alfred T. Giuliano as the Chapter 7 Trustee (the "Appointment Date").

## Relief Requested

7. The Trustee has commenced approximately 130 adversary proceedings to recover avoidable transfers pursuant to sections 547 and 550 of the Bankruptcy Code the "Avoidance Actions"). By this Motion, the Trustee seeks an order, substantially in the form attached hereto as **Exhibit 1** (the "Proposed Order") approving procedures for litigating, mediating and settling the Avoidance Actions (collectively, the "Proposed Procedures") against the defendants, who are referenced on Exhibit A annexed to the Proposed Order (individually, each a "Defendant" and collectively, the "Defendants"). The Proposed Procedures are designed to streamline litigation and promote settlement of the Avoidance Actions, thereby minimizing the costs to all parties and easing the Court's administrative burden. The Proposed Procedures also preserve the rights of all parties to adjudicate claims and defenses before the Court, if necessary.

## The Proposed Procedures

8. The following is a summary of the Proposed Procedures. The summary is intended solely to give the Court and interested parties an overview of the Proposed Procedures. Interested parties should refer to the Proposed Order attached hereto as **Exhibit 1** for a complete understanding of the Proposed Procedures:

**A.  Extension of Time to Serve Summonses and Respond to Complaints**

9. The Trustee shall have a sixty (60) day extension of time to serve summonses and complaints under Fed. R. Civ. P. 4(m), applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7004. Accordingly, the Trustee must serve the summons and complaint upon a Defendant within one hundred eighty (180) days after the complaint is filed. The Proposed Procedures further authorize that the Trustee may, in his discretion, upon request from the Defendant, extend a Defendant's time to answer or otherwise respond to a complaint by up to ninety (90) days after the Defendant's initial response time expires. These extensions will maximize the number of Avoidance Actions that the Trustee is able to settle expeditiously, and will encourage settlements with Defendants who wish to avoid the expense of preparing and filing responsive pleadings.

**B.  Waiver/Stay of Pretrial and Scheduling Conferences; Stay of Discovery**

10. The Trustee also requests that the Court (a) waive the requirement of an initial pretrial conference pursuant to Fed. R. Civ. P. 16, applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7016; (b) stay the requirement of a scheduling conference pursuant to Fed. R. Civ. P. 26(f), applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7026 and Section 2(a) of the General Order; and (c) stay formal discovery in Avoidance Actions until a scheduling order is entered. The stay of discovery will not limit the exchange of documents or information in settlement discussions or mediation. Waiving and/or staying these requirements will facilitate settlement, minimize costs and alleviate the Court's administrative burden with respect to the Avoidance Actions.

**C.  The Mediation Process**

11. <u>Mandatory Mediation</u>. Unless otherwise agreed by the Trustee and a

Defendant, any Avoidance Action that has not settled by January 15, 2015, will be mediated (the "Mediation Process"). Mediation will be privileged and confidential, and proceedings, discussions and written materials associated with the Mediation Process will not be reported or admitted into evidence, nor shall anything stated or exchanged during the Mediation Process operate as an admission of liability, wrongdoing or responsibility.

12. Mediators. Mediators will be chosen by Defendants from the list of mediators annexed to the Proposed Order as Exhibit B thereto (the "Mediators"). Each of the Mediators is on the Court's Register of Mediators. Unless extended, Defendants must select a mediator in writing by January 30, 2015. Limiting the number of Mediators assigned to Avoidance Actions will, *inter alia,* (a) minimize the time and expense of negotiating with Defendants over the entire Register of Mediators, and (b) ensure that the Mediators quickly develop a strong understanding of the facts and issues common to all of the Avoidance Actions.

13. If a Defendant does not timely choose a Mediator, the Trustee will assign a Mediator and notify the applicable Defendant by February 15, 2015.

14. Time/Place of Mediation. Avoidance Actions will be mediated in Wilmington, Delaware, unless the parties and the Mediator agree to another location. Each Mediator will provide the Trustee with dates on which he or she is available, and the Trustee will work in good faith with Defendants to schedule mediation on the Mediator's available dates. Each Defendant will receive at least twenty-one days' written notice of the date and time of mediation.

15. Position Papers/Presentations. At least ten (10) days before mediation, the Trustee and the applicable Defendant shall exchange position statements and provide such statements to the Mediator. Unless agreed otherwise, position statements shall not exceed

CLAC 2630587.1                                        5

seven (7) double-spaced pages, excluding exhibits and schedules. The Mediator, however, may require the parties to provide additional papers, exhibits and/or a settlement proposal. The Mediator will have full authority to determine the nature and order of the parties' presentations, and he/she may implement additional procedures as are reasonable and practical under the circumstances. If any party fails to make required submissions or attend mediation, in addition to the Mediator's remedies under Local Rule 9019-5, the non-defaulting party may file a motion for default judgment or to dismiss the Avoidance Action.

16. <u>Attendance at Mediation</u>. The Trustee and the applicable Defendant shall participate in mediation in good faith with a view towards settling the Avoidance Actions. Accordingly, at least one counsel for each party and a representative of each Defendant with full settlement authority must attend the mediation in person, unless the Mediator authorizes any party to appear telephonically.

17. <u>Mediator's Report</u>. In accordance with the General Order, the Mediator shall file a report (the "Mediator's Report") within fourteen (14) days after the mediation concludes. The Mediator's Report will simply state whether the applicable Avoidance Action did or did not settle, and the requirements of Local Rule 9019-5(f)(iii) shall be waived.

18. <u>Fees</u>. The Trustee shall pay the Mediator's fees and costs on an hourly basis. By this Motion, the Trustee requests that the fees of the mediator be approved as set forth in the proposed form of Order being filed simultaneously herewith.

19. <u>Conflicts of Interest</u>: No Mediator will mediate an Avoidance Action in which his/her law firm represents a party. If a Mediator's law firm represents a Defendant in another Avoidance Action, the Mediator will take all steps necessary to establish an ethical wall as required by the Delaware Lawyers Rules of Professional Conduct. So long as

the ethical wall is effectively established and maintained, the Mediator's participation in the Mediation Process will not create a conflict of interest regarding the Mediator's law firm's representation of a Defendant in another Avoidance Action.

**D. Motions/Omnibus Hearings**

20. Motions generally affecting Defendants in all Avoidance Actions will be filed in the main Chapter 7 case, Case No. 12-13042 (CSS), and in each individual Avoidance Action. Additionally, parties must seek an informal pre-motion conference with the Court before filing any motion in the Avoidance Actions. However, pre-motion conferences are not required with respect to a motion to dismiss under Fed. R. Civ. P. 12(b), applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7012, or a motion for a default judgment pursuant to Bankruptcy Rule 7055. If a party files a motion to dismiss an Avoidance Action, it shall automatically be deemed to consent to allowing the Trustee to amend the applicable complaint.

21. The Trustee will schedule Avoidance Actions Omnibus Hearings approximately every ninety (90) days at the Court's convenience. All motions and other matters concerning any Avoidance Actions will only be heard at Avoidance Actions Omnibus Hearings.

**E. Electronic Service**

22. The Trustee will serve each summons and complaint and a copy of the Proposed Procedures on each Defendant by U.S. Mail, postage prepaid. The Trustee will serve all other motions, pleadings and notices by e-mail. To facilitate electronic service of documents, the Trustee will send a notice and information form (the "<u>Information Form</u>") in the form annexed to the Order as <u>Exhibit C</u> to each Defendant listed on <u>Exhibit A</u> annexed

to the Order, along with a pre-addressed, postage paid return envelope. Defendants must complete the Information Form within thirty (30) days, providing among other things, a valid email address and designated notice party. Only those parties designated in the Information Forms will receive notice of pleadings, conferences and other information regarding the Avoidance Actions.

**F. Settlement Authority**

23. The Trustee is requesting authority to compromise and settle any Avoidance Action at or prior to the Mediation Process for all matters wherein the Trustee's initial demand was in the amount of $75,000 or less, without further Order from the Court. For any settlement of a matter wherein the Trustee's initial demand was greater than $75,000, the Trustee shall seek an Order from the Court approving the settlement under Bankruptcy Rule 9019.

**G. Section 502(h) Claims**

24. Any Defendant with a claim under section 502(h) of the Bankruptcy Code (to the extent not waived as part of a settlement), must file such claim in the applicable Debtor case with the Clerk of the Bankruptcy Court for the District of Delaware, 824 N. Market Street, Third Floor, Wilmington, DE 19801, or via the Court's ECF system, within thirty days of: (a) the date the Trustee confirms the settlement in writing for an Avoidance Action settled outside of mediation; (b) mutual execution of a settlement agreement by the parties for an Avoidance Action settled pursuant to mediation; or (c) the date of an order resolving an Avoidance Action as determined by the Court. Any claim filed after such dates will be barred, and Defendant shall not receive or be entitled to receive any payment or distribution of property from the Trustee on account of such claim. The Trustee reserves all rights to bring other claims objections under section 502.

**Relief Requested and Basis for Relief**

25. There is ample authority for the Court to approve the Proposed Procedures. Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [chapter 11]," 11 U.S.C. § 105(a), and section 105(d) authorizes the Court to issue orders "necessary to further the expeditious and economical resolution of [a] case[.]" 11 U.S.C. § 105(d). Bankruptcy Rule 7016 further authorizes the Court to implement pretrial procedures designed to reduce costs and promote the prompt resolution and settlement of litigation. Fed. R. Bankr. P. 7016(b)(3)(B).

26. The Proposed Procedures are also consistent with the Local Rules and General Order and are similar to procedures adopted in other cases in this District and elsewhere. *See, e.g., In re Semcrude, L.P., et al,* Case No. 08-11525 (BLS) (Bankr. D. Del. Aug. 27, 2010), Order Granting Motion of SemGroup Litigation Trustee for an Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought Pursuant to 11 U.S.C. § 547 (D.I. 8394); *In re Fleming Companies, Inc.,* Case No. 03-10945 (MFW) (Bankr. D. Del. May 2, 2005), Order Approving Procedures Governing Adversary Proceedings Brought by the PCT Pursuant to Sections 502(d), 544, 547, 548 and/or 550 of the Bankruptcy Code (D.I. 11045); *In re Quebecor World (USA), Inc., et al,* Case No. 08-10152 (JMP) (Bankr. S.D.N.Y. Mar. 19, 2010), Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by the Litigation Trustee Pursuant to Sections 502, 547, 548, 549 and 550 of the Bankruptcy Code and Extending the 120-Day Time Limit for Service of the Summonses and Complaints (D.I. 3935); *In re Tower Automotive, Inc., et al,* Case No. 05-10578 (ALG) (Bankr. S.D.N.Y. Apr. 5, 2007), Order Establishing

Streamlined Procedures Governing Adversary Proceedings Commenced by the Debtors Pursuant to 11 U.S.C. §§ 502(d), 547, 548 and 550 (D.I. 2530); *In re Fabrics Estate, Inc.*, Case No. 08-10249 (JCC) (Bankr. E.D. Tenn. Jul. 8, 2010), Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by Eugene I. Davis, Trustee of the Liquidating Trust, Pursuant to Sections 502, 547, 548, 549 and 550 of the Bankruptcy Code *(D.I.* 1978).

27. The Proposed Procedures will (a) streamline the resolution of the Avoidance Actions without prejudice to any Defendant, (b) facilitate the prompt and cost-effective resolution of the Avoidance Actions, (c) minimize the Court's administrative burden, and (d) maximize the recovery of funds for the Debtors' estates. Accordingly, the Trustee believes that the Proposed Procedures are appropriate under the circumstances and in the best interest of the Debtors' estates and creditors, and should be approved.

Conclusion

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion, enter the Proposed Order in the form attached hereto and grant such other and further relief as the Court deems just and proper.

Dated: August 29, 2014    **COOPER LEVENSON, P.A.**

   */s/ Eric A. Browndorf*
Eric A. Browndorf, Esq. (*pro hac vice*)
1125 Atlantic Avenue
Atlantic City, NJ 08401
(p) 609-344-3161
(f) 609-572-7359
ebrowndorf@cooperlevenson.com

-and-

__/s/ Mark A. Fiore_____
Mark A. Fiore, Esq. (*pro hac vice*)
1125 Atlantic Avenue
Atlantic City, NJ 08401
(p) 609-344-3161
(f) 609-572-7555
mfiore@cooperlevenson.com

-and-

__/s/ Erin. K. Brignola_____
Erin K. Brignola, Esq. (2723)
30 Fox Hunt Drive
Bear, DE, 19701
(302) 838-2600
ebrignola@cooperlevenson.com

*Counsel to the Chapter 7 Trustee*