# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MCG Limited Partnership, | ) | Case No. 12-13042 (CSS) |
| (f/k/a Monitor Company Group | ) | |
| Limited Partnership), *et al.*, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| Alfred T. Giuliano, in his capacity as | ) | |
| Chapter 7 Trustee of MCG Limited | ) | |
| Partnership, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 14-50536 (CSS) |
| | ) | |
| HASKETT, JAMES, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION[1]

| | |
|---|---|
| THE ROSNER LAW GROUP LLC | COOPER LEVENSON, P.A. |
| Frederick B. Rosner | Eric A. Browndorf |
| Scott J. Leonhardt | Mark A. Fiore |
| 824 N. Market Street, Suite 810 | 1125 Atlantic Avenue, 3rd Floor |
| Wilmington, DE  19801 | Atlantic City, NJ  08401 |
| | -and- |
| Counsel for Defendant | Erin K. Brignola |
| | 30 Fox Hunt Drive |
| | Bear, DE  19701 |
| | |
| | Counsel for the Chapter 7 Trustee |

Dated: January 28, 2016

Sontchi, J. _____

## INTRODUCTION

Before the Court is defendant's motion to dismiss the complaint (the "Motion to Dismiss") in the above-captioned adversary action on the bases of: (i) insufficient service of process, pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5) and (ii) failure to state a claim upon which relief could be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition to responding on the merits, the plaintiff has made a cross-motion for leave to amend any deficiencies in the Complaint. The Court will grant, in part, and deny, in part, the Motion to Dismiss; and will grant Plaintiff's cross-motion for leave to amend the Complaint.

## JURISDICTION

The United States Bankruptcy Court for the District of Delaware (the "Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409(a). This action is brought as an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001.

---

[1] "The court is not required to state findings or conclusions when ruling on a motion under Rule 12 . . . ." Fed. R. Bankr. P. 7052(a)(3). Accordingly, the Court herein makes no findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## STATEMENT OF FACTS

### A.    Background of the Bankruptcy Cases

The Debtors were a global consulting firm with approximately 1,200 personnel in offices across 17 countries worldwide.[2]  They advised for-profit, sovereign, and non-profit clients on growing their businesses and economies and furthering their charitable purposes.[3]  Most of the Debtors' revenue was derived from Fortune 500 clients.[4]

On November 7, 2012, voluntary petitions were filed by the Debtors under Chapter 11 of the Bankruptcy Code in this Court.  On November 9, 2012, the Court entered an Order jointly administering the Debtors' bankruptcy cases.[5]  Thereafter, on August 5, 2013, the Court entered an Order converting the Debtors' cases to Chapter 7 of the Bankruptcy Code (the "Conversion Order").[6]

Following the Conversion Order, on August 7, 2013, the Office of the United States Trustee for the District of Delaware appointed Alfred T. Giuliano as the Chapter 7 Trustee of the Debtors ("Trustee").  On October 21, 2014, the Court entered the Order establishing procedures governing associated adversary proceedings brought pursuant to 11 U.S.C §§ 547 and 550 (the "Procedures Order").[7]  The Procedures Order modified various time

---

[2]  Case No. 12-13042-CSS, D.I. 15.

[3]  *Id.*

[4]  *Id.* at ¶7.

[5]  D.I. 56.

[6]  D.I. 762.

[7]  D.I. 1106.

periods, waived the requirement to conduct pretrial conferences, stayed the requirement to conduct scheduling conferences, and stayed discovery.[8]

## B.    Background of the Adversary Action

On August 4, 2014, Trustee commenced the above-captioned adversary proceeding in this Court by filing a complaint against the defendant, James Haskett ("Defendant") alleging: (1) avoidance of transfer, pursuant to 11 U.S.C. § 547; (2) recovery and preservation of transfer, pursuant to 11 U.S.C. § 550, and (3) disallowance of claims pursuant to 11 U.S.C. § 502(d) (the "Complaint").[9]   Trustee previously, on or about February 20, 2014, sent a demand letter to Defendant demanding the return of the transfer to the Debtor's estates.[10]

On September 18, 2014, Trustee served Defendant by regular, first class mail, postage fully pre-paid at the following address:  James Haskett c/o James B. Haskett & Associates, 475 Tamoshanter Court, Cincinnati, OH 45255.[11]   Furthermore, Trustee also served a copy of the procedures motion on September 22, 2014 at the same address.[12] Thereafter, Defendant filed its Motion to Dismiss, which is the subject of this Opinion.[13] Shortly thereafter, the Court entered the Procedures Order, which was served on

---

[8]  *Id.*

[9]  Adv. Case No. 14-50536, D.I. 1.  The docket in the adversary proceeding will be referred to herein as "Adv. D.I."

[10]  Adv. D.I. 1 *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550 and To Delay or To Disallow Claims Pursuant to 11 U.S.C. § 502* (the "Complaint"), ¶15.

[11]  Adv. D.I. 5.

[12]  Adv. D.I. 6.

[13]  Adv. D.I. 7.

Defendant at the same address.[14]  Trustee filed its cross motion on November 28, 2014.

Defendant filed a reply brief on December 2, 2014.  As of the date hereof, the Defendant

has failed to return the transfer to the Debtors' estates.[15]

## C.    Facts of this Adversary Proceeding.

In the Complaint, Trustee alleged the following facts: (1) one transfer was made

by Monitor Company Group Limited Partnership ("MCG") to Defendant in the aggregate

amount of $14,110.77;[16] (2) the transfer was made via check number 75212 and was sent

on September  7, 2012 addressed to James Haskett c/o James B. Haskett & Associates and

the check subsequently cleared on September 18, 2012 ;[17] and (3) Defendant was the initial

transferee of all of the transfers and/or the entity for whose benefit some or all of the

transfers were made or was an immediate or mediate transferee of such initial transfers.[18]

Defendant has moved to dismiss this Adversary Action.  The Motion to Dismiss is

fully briefed and is ripe for the Court's decision.

## ANALYSIS

## A.    Motion to Dismiss for Insufficient Service of Process

Defendant has moved to dismiss based on ineffective service of process.

---

[14] D.I. 1106, Exh. A.  Adv. D.I. 10

[15] Complaint at ¶15.

[16] *Id*. at ¶13 and Exh. A.

[17] Complaint at Exh. A.

[18] Complaint at ¶27.

### i.   *Parties Arguments*

Defendant argues the Complaint should be dismissed for insufficiency of service of process, pursuant to Fed. R. Civ. P. 12(b)(5), [19] because the Complaint does not allege the location of Defendant's dwelling house, his usual place of abode or the physical address where Defendant regularly conducts business.   Further, Defendant alleges process was deficient, pursuant to Fed. R. Civ. P. 12(b)(4), because the summons does not state the date, time, and place for the pre-trial conference and does not comply with Rule 9019-5(j)(ii) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.   In support of this argument, Defendant submitted a declaration stating the address on the Summons and Complaint is not his dwelling, abode, place of business, or an address where an authorized agent is registered to receive process on his behalf.[20]   Further, Defendant alleges that Trustee has not made a reasonable inquiry into the facts to determine if Defendant is an individual or government unit.   Defendant alleges he did not receive a copy of the Summons or Complaint due to the Trustee mailing the Summons and Complaint to the address listed in the Complaint.[21]   Finally, Defendant alleges the Court does not have personal jurisdiction over the Defendant, pursuant to Bankruptcy Rule 7004(b)(1), because service was not proper.

---

[19]  Fed. R. Civ. P. 12(b)(5) is made applicable to these proceedings by Fed. R. Bankr. P. 7004(b)(1).  For ease of reference herein, the Federal Rules of Civil Procedures will be referred to by "Rule ____"   and   the Federal Rules of Bankruptcy Procedure will be referred to by "Bankruptcy Rule _____".

[20]  Declaration of James B. Haskett in Support of Motion to Dismiss Complaint, at ¶4 ("Haskett Decl.").

[21]  Haskett Decl. at 1.

Trustee responds: (1) the Complaint was properly served in accordance with Bankruptcy Rule 7004; (2) the Motion to Dismiss does not allege that service was not made to the Defendant's dwelling house or usual place of abode or the place where the Defendant regularly conducts a business or profession; (3) the Procedures Order allowed the Trustee to serve the Complaint until January 31, 2015; and (4) Defendant had actual knowledge of these proceedings for many months.  Moreover, Trustee alleges that the Motion to Dismiss shows that Defendant received actual notice of the Complaint and timely filed a response.  Further, Defendant filed no objection to Trustee's motion in support of the Procedures Order.  Finally, Trustee alleges that Defendant had knowledge of the instant proceedings for at least six months, as his prior counsel had previously contacted counsel for Trustee in an attempt to resolve this matter before the Complaint was filed.

### ii.    Analysis

Pursuant to Bankruptcy Rule 7004(b)(1), service may be made within the United States by first class mail postage prepaid, "upon and individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individuals' dwelling house or usual place of abode or the place where the individual regularly conducts a business or profession."[22]  Rule 4(m) provides that a defendant must be served within 120 days after the complaint is filed.[23]  Rule 4(l)(1) provides that unless service is

---

[22] Fed. R. Bankr. P. 7004(b)(1).  Bankruptcy Rule 7004(a)(1) incorporates Rule 4.

[23] Fed. R. Civ. P. Rule 4(m).

waived, proof of service must be made to the court.[24]  Rule 4(l)(3) provides that failure to

prove service does not affect the validity of service.  The Court may permit proof of

service be amended.[25] Rule 4(l) does not set forth what should be stated in the proof of

service.  At a minimum, however, the affidavit of service should indicate the date and

place service was made and the identity of the person served.[26]

As above-stated, Bankruptcy Rule 7004(b)(3) provides that service of process may

be made by first class mail upon a business by addressing it to the attention of an officer,

a managing or general agent, or to any other agent by appointment or by law to receive

service of process.[27]  This requires that service of process be addressed to the appropriate

party by name or by title.[28]

Plaintiff has the burden of proof to show proper service by a preponderance of the

evidence.  If, based on evidence, plaintiff makes out a *prima facie* case as to adequacy of

service of process, plaintiff's burden of proof is satisfied unless and until defendant comes

forward with evidence sufficient to rebut the evidence presented by the plaintiff, and at

that point, the burden of going forward with further evidence shifts back to the plaintiff.[29]

---

[24] Fed. R. Civ. P. Rule 4(l)(1).

[25] Fed. R. Civ. P. Rule 4(l)(3).

[26] *See* 1 Moore's Federal Practice, §4.103 (Matthew Bender 3d ed.).

[27] *Golden v. The Guardian (In re Lenox Healthcare, Inc.)*, 319 B.R. 819 (Bankr. D. Del. 2005).

[28] *Id* at 822 . See, e.g. *Sun Healthcare Group, Inc v. Mead Johnson Nutritional (In re Sun Healthcare Group, Inc.)*, Adv. Nos. 01-7671 & 01-7480, 2004 WL 941190, at *2 (Bankr. D. Del.  2004)

[29] *Id.*

In *Garcia v. Cantu*,[30] the court held that denial of receipt of service was insufficient to rebut an affidavit of service of process. The *Garcia* court held that for purposes of the bankruptcy rule permitting service of process by directing first-class mail to an "individual's dwelling house or usual place of abode," the place shown by plaintiff to have once been a valid "dwelling house or usual place of abode" does not cease to be a valid address for mailing of service unless the party contesting service establishes by evidence that he has, in fact, abandoned that address; mere denial that the address is correct, even in a sworn affidavit, is generally insufficient for the party challenging service to prevail.

In *In re Lenox Healthcare*, a trustee filed a complaint against defendant seeking to avoid alleged preferential transfers pursuant to sections 547 and 550 of the Bankruptcy Code. The defendant filed a motion to dismiss for insufficient service of process and the trustee subsequently moved to extend time to perfect service. The *Lenox Healthcare* court considered the certificate of service filed by the trustee, which stated that service of process was made on the defendant at a post office box. The certificate of service did not specify that the summons was addressed to an officer or authorized agent of the corporation as required by Bankruptcy Rule 7004(b)(3). The *Lenox Healthcare* court concluded that service of process was insufficient because it was not addressed to an officer or authorized agent of the defendant as required by Rule 7004. However, the court

---

[30] *Garcia v. Cantu,* 363 B.R. 503, 510 (Bankr. W.D. Texas 2006) (holding that affidavit of service of process is *prima facie* evidence of proper service, and mere denial of receipt by party being served is insufficient to rebut this evidence).

continued that even though service of process was insufficient, the trustee would be granted an extension of time to perfect service.

### iii.    Analysis

Defendant alleges that the Complaint lacked an allegation regarding the location of Defendant's dwelling house, usual place of abode, or address where the Defendant regularly conducts business.  Defendant relies on his declaration alleging no affiliation with the address that the check, summons, and complaint subject to this preference action were sent.  As the court in *Garcia* held, however, a mere denial that the address is incorrect, even in a sworn affidavit, is generally insufficient for challenging service.[31]  As such, the Court finds that service was made pursuant to Rule 7004.

In the case *sub judice*, Trustee has filed a proof of service pursuant to Rule 4(l)(1).  The Trustee sent the Summons and Complaint via first class mail, addressed to James Haskett c/o James B. Haskett & Associates to the same address where the check subject to this preference action was sent and received.[32]  It is important to note that the check was negotiated.  This is distinguishable from the facts in *Lenox Healthcare* where the trustee sent the complaint to a post office box and failed to establish the identity of the person/entity being served.  Pursuant to Bankruptcy Rule 7004(b)(1), sending notice of the complaint via first class mail is deemed proper.  Further, pursuant to Bankruptcy

---

[31] *Garcia*, 363 B.R. 503, at 510.

[32] Summons and Cert. of Service.

7004(b)(3), the Summons and Complaint sufficiently identify James Haskett individually as an agent of James Haskett & Associates.

Moreover, the Motion to Dismiss evidences Defendant's receipt of actual notice of the Complaint.[33]  Like the trustee in *Lenox Healthcare*, Trustee's counsel in this case alleges that Defendant had knowledge of the instant proceeding for at least six months, as his prior counsel had previously contacted Trustee's counsel in an attempt to resolve this preference action before the Complaint was filed.[34]  Similar to *Lenox Healthcare*,  Trustee's Exhibit A to the Complaint details the amount, check number, date the check was sent, and date deposited along with the name and address of Defendant, the intended recipient.  Therefore, Defendant was on notice of the instant proceeding and Trustee took the steps necessary to affect proper service upon the Defendant pursuant to Bankruptcy Rule 7004.

Defendant further argues that, pursuant to Rule 12(b)(4), service was not proper because the Summons fails to state the date, time and place of the pre-trial conference, and further does not comply with Local Rule 9019-5(j)(ii), and, thus, is defective. However, as Trustee argues, Defendant was served notice of the Procedures Order entered by this Court on October 21, 2014, which included, *inter alia*, waiver of pre-trial conferences and altered the mediation process deferring mediation in lieu of settlement,

---

[33]  Opposition ¶16, n.1.

[34]  *Id* at p. 4, n.1.

and offering mediation for any matter which did not settle by January 15, 2015.[35]  The

Court's Procedures Order, in this instance, supersedes Local Rule 9019-5(j)(ii).

### iv.    Conclusion

As Trustee has shown sufficient facts to prove that the Summons and Complaint

were addressed to Defendant directly, the Court finds that service was sufficient and

proper.  Further, Defendant has failed to allege sufficient facts to the contrary under the

*Garcia* standard to rebut the presumption of proper service that is created pursuant to

Rule 4(l).  Finally, the Procedures Order is a final order and, thus, Defendant is subject to

the provisions contained therein.

Thus, the Court will deny the Motion to Dismiss on the basis of insufficient service

of process.

## B.    Motion to Dismiss the Complaint Pursuant to Rule 12(b)(6).

Defendant also moves to dismiss the Complaint because it fails to state a claim

upon which relief may be granted.  As discussed below, the Court finds the Complaint

deficient, in part, and thus will grant leave for Trustee to amend the Complaint.

### i.    Parties' Arguments

Defendant seeks dismissal of the Complaint for failure to state a claim upon which

relief may be granted pursuant to the *Twombly/Iqbal* pleading standard and its

bankruptcy progeny.  Specifically, Defendant argues that the Complaint fails to describe

with sufficient particularity the nature of the antecedent debt between Defendant and the

---

[35] *See* Procedures Order.

Debtors that allegedly gave rise to the antecedent debt. Defendant continues that the Complaint fails to sufficiently describe the nature of the business relationship between Defendant and the Debtors that allegedly gave rise to the antecedent debt. Further, Defendant alleges that the Complaint lacks any detail as to the nature of the antecedent debt or how it arose. Defendant asserts that the "prior contractual obligations" are not described in the Complaint and no contract is attached. Defendant alleges the same deficiency also exists with respect to the alleged invoices.

Trustee responds that the Motion to Dismiss should be denied because each cause of action alleged in the Complaint meets the pleading requirements set forth under Rule 12(b)(6).[36] Specifically, the Trustee alleges the following facts: (1) that the transfers were made because of prior contractual obligations or invoices owed by MCG to Defendant before the transfers were made;[37] (2) the transfers were made in payment of goods sold or services provided by Defendant to MCG;[38] (3) the goods or services paid for by each of the transfers were provided by Defendant to MCG before each transfer was made;[39] (4) the transfers constitute a transfer of an interest in property of MCG;[40] (5) the transfers were made on September 18, 2012, while MCG was insolvent;[41] (6) each of the transfers

---

[36] Fed. R. Civ. P. 12(b)(6) is made applicable to this adversary proceeding pursuant to Fed. R. Bankr. P. 7012.

[37] Complaint at ¶18.

[38] *Id.* at ¶19.

[39] *Id.* at ¶20.

[40] *Id* at ¶21.

[41] *Id.* at ¶22, Ex. A.

was to or for the benefit of Defendant;[42] (7) the transfers enabled Defendant to receive more than he would have received in the case if: (i) the transfer had not been made; and (ii) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.[43]

### ii.    Law

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'"[44]  At this stage in the proceeding, it is not the question of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[45] Since the *Twombly* and *Iqbal* decisions, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading."[46]  This new standard requires "a plaintiff to plead more than the possibility of relief to survive a motion to dismiss."[47]  It is insufficient to provide "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ."[48]  Under the heightened standard, a complaint "must contain either direct or indirect allegations respecting all the material

---

[42] *Id* at ¶23.

[43] *Id.* at ¶25.

[44] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

[45]  *Scheuer v. Rhodes*, 416 U.S. 232, 236, abrogated on other grounds by, *Harlow v. Fitzgerald*, 457 U.S. 800, 814-15 (1982); *see also Rosener v. Majestic Mgmt., Inc.* (*In re OODC, LLC*), 321 B.R. 128, 134 (Bankr. D. Del. 2005).

[46] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[47] *Id.*

[48] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

elements necessary to sustain recovery under some *viable* legal theory."[49]  The Court, in order to determine whether a claim meets this requirement, must "draw on its judicial experience and common sense."[50]  In *Fowler*, the Third Circuit articulated a two-part analysis to be applied in evaluating a complaint.[51]  First, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."[52]  Second, the court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"[53]

In *Valley Media*, pre-*Twombly*, former Judge Walsh found that the following information must be included in a complaint to avoid a preferential transfers in order to survive a motion to dismiss: "(a) an identification of the nature and amount of each antecedent debt and; (b) an identification of each alleged preference transfer by (i) date, (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of the transfer."[54]  *Valley Media* is consistent with *Twombly*, however, it is not to be strictly applied.[55]

---

[49] *Twombly*, 550 U.S. at 562.

[50] *Burtch v. Huston (In re USDigital, Inc.)*, 443 B.R. 22, 34 (Bankr. D. Del. 2011).

[51] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

[52] *Id.*

[53] *Id.* at 211.

[54] *Valley Media, Inc., v. Borders, Inc.(In re Valley Media, Inc.)*, 288 B.R. 189, 192 (Bankr. D. Del 2007) (citing *Posman v. Bankers Trust Company*, Adv. Pro. No. 97-245, Walsh, C.J. (Bankr. D. Del. Jul. 28, 1999)).

[55] *Shifano v. Lendmark Financial Servces, Inc. (In re Shifano)*, No. 12-11148 (CSS), 2013 WL 85203, at *11 (Bankr. D. Del. Jan. 8, 2013); *Anderson News, LLC v. The News Group, Inc. (In re Anderson News, LLC)*, No. 09-10695 (CSS), 2012 WL 3638785, at *2 (Bankr. D. Del. Aug. 22, 2012).

In *In re Tweeter Opco*,[56] the court reiterated the standard articulated in *Valley Media* as governing motions to dismiss preference actions.[57]  The *Tweeter* court held that particularized facts must be pled alleging the nature of the contractual or other business relationship between the preference defendant and debtor which give rise to the antecedent debt.[58]  The *Tweeter* court found that the complaint lacked requisite detail of any relationship between the debtors and the defendant such as the identity of any contracts between the parties or any description of goods or services exchanged.[59]  The court held that without such information the trustee failed to describe sufficiently the nature of the antecedent debt.[60]

### iii.    Analysis

In the case *sub judice*, the Complaint merely parrots the language of section 547 and offers no particularized facts giving context to the transfer that took place on September 18, 2012.  The Complaint falls short of the heightened pleading standards established in *Twombly* and *Iqbal,* which require the pleading to contain facts that support more than the possibility of relief to survive a motion to dismiss.  Further, the Complaint falls short of the Third Circuit's two-part pleading hurdle established in *Fowler*.[61]  First,

---

[56] *Miller v. Mitsubishi Digital Elecs. Am. Inc. (In re Tweeter Opco),* 452 B.R. 150 (Bankr. D. Del. 2011).

[57] *Id.*

[58] *Id*. at 155.

[59] *Id.*

[60] *Id.*

[61] *Fowler v. UPMC Shadyside,* 578 F.3d 203, 209 (3d Cir. 2009) (requiring first the factual and legal elements of claim to be separated; a Court must then determine whether the facts alleged in the complaint are sufficient to show the plaintiff has a plausible claim for relief.)

the Complaint blends facts and legal conclusions; *Fowler* requires that the factual and legal elements of a claim to be separated.  Second, the Court cannot determine whether the facts alleged in the Complaint are sufficient to show that Trustee has a plausible claim for relief because it does not allege any facts that give context or a description of the transfer made from Debtors to Defendant beyond whom the check was sent to, the dates the check were sent and received, and the amount of the transfer.

### iv.    Conclusion

As the Complaint is found to be insufficient in detail, Trustee has asked the Court for leave to amend the Complaint, discussed *infra*.

## C.    Motion for Leave to Amend the Complaint

As noted *supra*, Trustee has sought leave to amend the Complaint to fix any deficiencies.

### i.    Parties' Arguments

Trustee argues that he has not acted in bad faith or created an undue delay by requesting leave to amend the Complaint.  Trustee contends that in the event the Motion to Dismiss is not denied their request for leave to amend the Complaint is timely, Defendant will suffer no prejudice, and amending the Complaint is not futile.  Trustee alleges the timing of the request for leave to amend is appropriate because Complaint was filed in August, 2014 and no discovery had yet taken place at the time the request was made.  Trustee did not file an amended Complaint within 21 days of the filing of Defendant's motion to dismiss pursuant to Rule 15(a).

Defendant argues that Trustee's cross-motion for leave to amend should be denied and the Complaint should be dismissed with prejudice.  Defendant contends that Trustee should not be granted leave to amend the Complaint because he failed to attach a proposed amended complaint to the cross-motion, which requested leave to amend the Complaint and cure any deficiencies.  Further, Defendant argues that  Trustee's future promise to amend and cure all deficiencies is not sufficient to satisfy Rule 15 requiring that leave to amend must not be futile.  Finally, Defendant argues that the Court may consider only the proposed amended complaint, and not any pleadings filed in connection with the proposed amended complaint.

### ii.    Analysis

A party may amend its complaint once as a matter of course within 21 days after serving it or 21 days after service of a motion under 12(b), whichever is earlier.[62]  Pursuant to Rule 15,[63] a party may amend a complaint only with the opposing party's consent or upon leave of Court, and such leave shall be freely given when justice so requires.[64]  Leave to amend a complaint should be granted feely in the absence of undue delay or bad faith on the part of the movant as long as the amendment would not be futile and the opposing party would not suffer undue prejudice.[65]

---

[62] Fed. R. Civ. P. 15(a)(1)(A)(B).

[63] Fed. R. Civ. P. 15 is made applicable to these proceedings by Fed. R. Bankr. P. 7015.

[64] Fed. R. Civ. P. 15(a)(2).

[65] *Del Sontro v. Cendant Corp.* 223 F. Supp. 2d 563, 576 (D.N.J. 2002); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) (stating that leave to amend a pleading shall be freely given when justice requires).  *See In re Crucible Materials Corp.,* 2011 WL 2669113, at* p.5 (leave to amend shall be freely given when justice so requires.

Where the non-moving party will not suffer substantial or undue prejudice denial of leave to amend must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment.[66]  Delay is considered undue when an unwarranted burden is place on the court or when the requesting party has had previous opportunities to amend.[67]

The Court will grant Trustee leave to amend the Complaint because the timing governing leave to amend as a matter of course pursuant to Rule 15(a)(1) has passed.[68] Additionally, there is no evidence of bad faith or intentional undue delay on the part of Trustee.  There is no evidence on the record that the Court or Defendant will suffer undue delay because this is the first attempt at seeking approval to amend the Complaint. Furthermore, there is no evidence of repeated failures on the part of Trustee to cure the deficiencies in the Complaint because this will be the first attempt at amending the Complaint.

Defendant's argument in favor of denying leave of the Court to amend the Complaint because Trustee failed to attach a proposed amended complaint is flawed. Rule 15 does not require a proposed amended complaint to be submitted with the briefs

---

Because defendant presents no reason why leave to amend should not be granted, the Court will allow the trustee to amend the complaint.).

[66]  *Siri Int'l v. Internet Sec. Sys.*, 817 F. Supp. 2d 418, 422 (D. Del. 2011) (court denied plaintiff leave to amend the complaint because *inter alia* the plaintiff had already twice amended the complaint.).

[67]  *Id* (*citing Estate of Olivia ex rel. McHugh v. New Jersey*, 604 F.3d 788, 803 (3d Cir. 2010) (leave to amend denied after father sought to add a claim 5 years after his second amendment to the original complaint)).

[68]  *In re Anderson News* 2012 WL 3638785 p. 4, n.31; *In re Crucible* 2011 WL 2669113 at* p. 5; *In re Valley Media* 288 B.R. 189, 193.

supporting the motion requesting leave to amend.  Moreover, the timing requirements of Rule 15 make it clear that leave of the Court is necessary when the opposing party does not agree to an amended Complaint or an amended Complaint is not served within 21 after a motion to dismiss is served.

Further, Defendant's reliance on *Troll Communications* for the proposition that the Court cannot consider pleadings in support of a proposed amendment is misplaced.[69] There is no evidence in the record that Trustee is attempting to amend the Complaint by its brief in support of a motion for leave to amend.  Trustee is merely requesting leave of the Court to make amendments to the Complaint, he is not asking the Court to deem the Complaint proper by way their briefs requesting leave to amend.  Moreover, the *Toll Communications* court granted leave to amend even though the complaint had already been amended twice.

### iii.    Conclusion

Thus, the Court will grant Trustee's motion for leave to amend to describe the nature of the antecedent debt.[70]

## CONCLUSION

As set forth *supra*, the Court will grant, in part, and deny, in part, the Motion to Dismiss.  More specifically, the Court will deny the Motion to Dismiss on the grounds that service of the Complaint was improper.  In addition, Court finds that the Complaint

---

[69] *Joseph v. Frank (In re Troll Communs., LLC)*, 385 B.R. 110 (Bankr. D. Del. 2008).

[70] *In re Anderson News*, No. 09-10695, 2012 WL 3638785,  at * 4;  *In re Valley Media,* 288 B.R. 189, 193; *In re Crucible Materials Corp,*  No. 09-11582,  2011 WL 2669113,  at * 5.

fails to describe the nature of the antecedent debt that is the subject of this preference action, thus the Court will grant, without prejudice, the Motion to Dismiss for failure to state a claim; however, the Court will grant Trustee's motion for leave to amend the Complaint within thirty (30) days of the issuance of this Opinion to plead adequately facts to support his claims against Defendant.

An order will be issued.